IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN

| | |
|---|---|
| HAROLD PERSAUD, ) | |
| ) | |
| Petitioner, ) | 3: 20-cv-00157 |
| ) | |
| vs. ) | Chief United States Magistrate Judge |
| ) | Cynthia Reed Eddy |
| VICKY MOSER, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION[1]**

**I.   Introduction**

Harold Persaud is a federal prisoner who is serving a 20-year term of imprisonment after a jury found him guilty of fifteen counts of health care fraud and related crimes. *See United States v. Persaud*, Criminal Case No. 1:14-cr-276 (N.D. Ohio). He was sentenced on December 18, 2015 and reported to the Bureau of Prisons ("BOP") on March 26, 2016, to commence service of his sentence. Since February 15, 2019, he has been housed at the Federal Correctional Institution at Loretto, which is located within the territorial boundaries of this Court.

On August 6, 2020, Persaud initiated this action by submitting a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). However, the Petition was not accompanied by either a motion for leave seeking to proceed *in forma pauperis* or the filing fee. Upon payment of the filing fee in October 2016 (ECF No. 3), the Petition was filed. (ECF No. 5).

Persaud alleges that the BOP has violated the law in refusing his request to serve the remainder of his sentence in home confinement under the Coronavirus Aid, Relief, and Economic

---

[1]   In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of final judgment. *See* ECF Nos. 9 and 12.

1

Security Act ("CARES Act"), Pub. L. No. 116-136, § 12003(b)(2) (2020). Respondent filed a response to the Petition on December 9, 2020. (ECF No. 15). The matter is ripe for disposition.

**II.    Factual and Procedural Background**

Section 12003 of the CARES Act gives the Director of the BOP discretion to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under" 18 U.S.C. § 3624(c)(2). *See* CARES Act § 12003(b)(2). "Congress codified this section of the CARES Act, in large part, 'to provide BOP a tool by which to alleviate COVID-19 concerns in federal prisons'." *Adams v. Trate*, Case No. 1:20-cv-237, 2020 WL 7337806 (Dec. 14, 2020) (quoting *United States v. Mathews*, 2020 WL 6781946, at *2 (E.D. Pa. Nov. 18, 2020) (citing CARES Act § 12003(a)(2)).

In assessing whether home confinement should be granted, the BOP considers the totality of circumstances for each individual inmate, the statutory requirements for home confinement, and a non-exhaustive list of discretionary factors including the age and vulnerability of the inmate to COVID-19, the security level of the facility currently holding the inmate, the inmate's conduct in prison, the inmate's score under the Prisoner Assessment Tool Targeting Estimated Risk and Need ("PATTERN"), the inmate's home reentry plan, and the inmate's crime of conviction and assessment of the danger posed by the inmate to the community. *See* Resp. at 6, 9 (ECF No. 15).

If an inmate does not qualify for home confinement under BOP criteria, the inmate may be reviewed for placement in a Residential Reentry Center and home confinement at a later stage in accordance with applicable laws and BOP policies. Resp. at 9.

According to Persaud, he previously was approved for home confinement under a DOJ proposal that expanded home confinement to those who had served at least 10% of their term of imprisonment or 6 months. However, after his family had been notified of his approval, the

Attorney General issued new guidance which restricted compassionate release authority to inmates who otherwise met the qualifying conditions and had served at least 50% of their sentence. Thereafter, the Warden denied Persaud's request for home confinement explaining that Persaud was not eligible for home confinement as he had not served 50% of his sentence. (Petition, Exh. 4). The record reflects that as of November 18, 2020, Persaud has served only approximately 27% of his federal sentence. (ECF No. 15-2).

### III. Analysis

In his Petition, Persaud argues that he should be released to home confinement due to his medical conditions, age, the ongoing COVID-19 pandemic, and because he had previously been approved for home confinement under the prior guidance which required only that a prisoner have completed 10% of his sentence.

Petitioners seeking habeas relief under 28 U.S.C. § 2241 must exhaust BOP administrative remedies. Here, Respondent does not dispute that Persaud has exhausted his administrative remedies. *See* ECF no. 15-1, Exh. A, Declaration of Robin Summers. However, as Respondent correctly argues, this Court lacks the authority to place Persaud on home confinement or to determine where Persaud is to be incarcerated.

While sympathetic to Persaud's concerns, the Court must dismiss this Petition as the Court concludes that the CARES Act does not change the BOP's exclusive authority to determine an inmate's place of confinement. As such, this Court has no authority to review the BOP's home confinement determination or direct the BOP to transfer a prisoner to home confinement. 18 U.S.C. § 3621(b)(5) (BOP's designation as to home confinement "is not reviewable by any court"). Numerous courts within this Circuit have reached the same conclusion. See *Bard v. Moser*, Case No. 3:20-cv-75, 2020 WL 7353385 (W.D. Pa. Dec. 15, 2020) (dismissing Petition for lack of

...

jurisdiction); *Adams,* 2020 WL 7337806 at *3 (same); *United States v. Robinson*, Case No. 4:07-cr-389-10, 2020 WL 5793002, at *5 n. 2 (M.D. Pa. Sept. 28, 2020) (noting the Court does not have authority to grant a request for home confinement release due to the COVID-19 pandemic because "the determination of an inmate's place of incarceration is committed to the discretion of the BOP director"); *United States v. Pettiway*, Case No. 08-cr-0129, 2020 WL 3469043, at *2 (E.D. Pa. June 25, 2020) (holding that "[r]egardless of the nature of defendant's medical condition or the existence of the coronavirus pandemic, Congress did not provide the courts with the authority to release inmates into home confinement at an earlier time under the CARES Act.").

BOP officials have determined that Persaud should not be transferred to home confinement at this time. Because that decision is one that is committed exclusively to the BOP, and is not subject to review or override by this Court, Persaud's Petition must be dismissed for lack of jurisdiction.

**IV.   Conclusion**

For these reasons, the petition for writ of habeas corpus will be dismissed for lack of jurisdiction. The Clerk will be directed to mark this case closed.

Dated:   December 21, 2020

BY THE COURT:

s/Cynthia Reed Eddy
Cynthia Reed Eddy
Chief United States Magistrate Judge

cc:     **HAROLD PERSAUD**
    60376-060
    LORETTO FEDERAL CORRECTIONAL INSTITUTION
    Inmate Mail/Parcels
    P.O. BOX 1000
    CRESSON, PA 16630
    (via U.S. First Class Mail)

    Jacqueline Brown
    U.S. Attorney's Office, Western District of PA
    (via ECF electronic notification)